UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:18-cv-267 |
| | ) |
| ROMEO H. AMORES, JR., | ) |
| MA VICTORIA G. AMORES, | ) |
| NEW PENN FINANCIAL, LLC d/b/a | ) |
| SHELLPOINT MORTGAGE SERVICING | ) |
| INDIANA DEPARTMENT OF REVENUE, | ) |
| and LAKE COUNTY, INDIANA, | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

This matter is before the court on the Motion for Reconsideration [DE 14] filed by the plaintiff, United States of America, on November 16, 2018. For the following reasons, the motion is **DENIED.**

*Background*

The plaintiff, United States of America, filed a motion requesting the court to authorize it to serve the summons and complaint on the defendants, Romeo H. Amores, Jr. and Ma Victoria G. Amores, by alternative means. The court authorized the United States to serve Romeo H. Amores, Jr. and Ma Victoria G. Amores: (1) by registered mail at an address in the Philippines; (2) by email; and (3) by email to Attorney Kimberly Mouratides, with instructions that Attorney Mouratides should forward the documents to Romeo H. Amores, Jr. and Ma Victoria G. Amores by email.

On September 20, 2018, the United States filed a motion for a clerk's entry of default against Romeo H. Amores, Jr. and Ma Victoria G. Amores. However, the court denied the

motion because the United States had not shown proof of service. The United States represented that as of September 19, 2018, the summons and complaint had not yet been delivered by registered mail to the Amoreses. Additionally, the United States represented that it had directly sent an email to the Amoreses, as well as from Attorney Mouratides.

The United States has requested that the court reconsider its Order denying the request for clerk's entry of default. The United States contends that the service by email was sufficient. Therefore, in light of the sufficient service the United States requests the court reconsider its Order and enter the requested defaults.

*Discussion*

Although they are frequently filed, the Court of Appeals has described a motion for reconsideration as "a motion that, strictly speaking, does not exist under the Federal Rules of Civil Procedure." **Hope v. United States**, 43 F.3d 1140, 1142 n.2 (7th Cir. 1994); *see* **Talano v. Northwestern Med. Faculty Found., Inc.**, 273 F.3d 757, 760 n.1 (7th Cir. 2001). This type of motion "is a request that the [Court] reexamine its decision in light of additional legal arguments, a change of law, or perhaps an argument or aspect of the case which was overlooked." **Ahmed v. Ashcroft**, 388 F.3d 247, 249 (7th Cir. 2004) (internal quotation omitted); *see* **Seng-Tiong Ho v. Taflove**, 648 F.3d 489, 505 (7th Cir. 2011) (explaining that a court can amend its judgment only if the petitioner can demonstrate a manifest error of law or present newly discovered evidence) (citing **Obriecht v. Raemisch**, 517 F.3d 489, 494 (7th Cir. 2008); **United States v. Ligas**, 549 F.3d 497, 501 (7th Cir. 2008) ("A district court may reconsider a prior decision when there has been a significant change in the law or facts since the parties presented the issue to the court, when the court misunderstands a party's arguments, or when the court overreaches by deciding an issue not properly before it."). In **Frietsch v. Refco, Inc.**, 56 F.3d 825 (7th Cir. 1995), the

Court of Appeals did not question the availability of a motion to reconsider but stated:

> It is not the purpose of allowing motions for reconsideration to enable a party to complete presenting his case after the court has ruled against him. Were such a procedure to be countenanced, some lawsuits really might never end, rather than just seeming endless.

56 F.3d at 828; see *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) ("A party may not use a motion for reconsideration to introduce new evidence that could have been presented earlier."); *Divane v. Krull Electric Co.*, 194 F.3d 845, 850 (7th Cir. 1999); *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995). Ultimately, a motion for reconsideration is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Global View Ltd. Venture Capital v. Great Central Basin Exploration*, 288 F. Supp. 2d 482, 483 (S.D.N.Y. 2003) (internal quotation omitted).

**Federal Rule of Civil Procedure 4(f)(3)** provides that service upon an individual not within a judicial district of the United States may be effected "by other means not prohibited by international agreement as may be directed by the court." Due process requires that service of notice be "reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S. Ct. 652, 657, 94 L. Ed. 865 (1950).

Pursuant to Rule 4(f)(3), the court authorized the United States to serve the summons and complaint on Romeo H. Amores, Jr. and Ma Victoria G. Amores by registered mail, email, *and* by having their bankruptcy attorney, Kimberly Mouratides, forward the email with the summons and complaint as an attachment. The court authorized service by these three means. However, it did not authorize service by each mean, independently.

3

Additionally, under **Federal Rule of Civil Procedure 4(l)(2)** a plaintiff must submit proof of service outside the United States or "other evidence satisfying the court that the summons and complaint were delivered to the addressee." The United States has attached copies of the emails that were sent to Romeo H. Amores, Jr. and Ma Victoria G. Amores by counsel for the United States and Attorney Mouratides. However, the United States has not offered proof confirming that the Amoreses received emails. The court finds that the emails not being returned as undeliverable is not sufficient evidence satisfying that the summons and complaint were delivered to the addressees. Therefore, the court cannot conclude that the email service has provided the Amoreses with notice of the claims against them.

Based on the foregoing reasons, the Motion for Reconsideration [DE 14] is **DENIED.**

ENTERED this 11th day of December, 2018.

/s/ Andrew P. Rodovich
United States Magistrate Judge